UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

UNIVERSAL TOWERS CONSTRUCTION, INC.,

    Debtor.

Case No. 6:20-bk-03799-KSJ
Chapter 11

_____/

FRANCISCO F. BOMFIM, individually;
LIS R. OLIVIERA-SOMMERVILLE, individually; and UNIVERSAL TOWERS CONSTRUCTION, INC., a Florida Corporation

    Plaintiffs,

v.

Adversary Proceeding No. _____

CONSTRAZZA INTERNATIONAL CONSTRUCTION, INC., a Florida Corporation, and ZILBERTO ZANCHET, individually,

    Defendants.

_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, Universal Towers Construction, Inc. ("Debtor" or "UTC"), and its co-plaintiffs, Francisco Bomfim ("Bomfim"), and Lis R. Oliveira-Sommerville ("Sommerville"; and UTC, Bomfim, and Sommerville collectively, "Plaintiffs"), hereby gives notice of removal of Case No. 2020 CA 001538 OC, styled as *Francisco Bomfim, individually, Lis R. Oliveira-Sommerville, individually, and Universal Towers Construction, Inc., a corporation, vs. Constrazza International Construction, Inc., a Florida corporation, and Zilberto Zanchet,*

*individually* (the "State Court Action"), from the Circuit Court of the Ninth Circuit in and for Osceola County, State of Florida, to the United States Bankruptcy Court for the Middle District of Florida. In support of this Notice of Removal, Debtor avers as follows:

### Procedural History and Plaintiff's Allegations

1. The State Court Action is a pre-petition civil action for defamation *per se* and for injunctive relief brought by the Plaintiffs against two Defendants, Constrazza International Construction, Inc. ("Constrazza"), and its principal, Zilberto Zanchet ("Zanchet"), which claims are related to the Debtor's pending Chapter 11 bankruptcy.

2. The State Court Action is but one episode in a sequence of voluminous litigation and infighting extending back more than 15 years in both Brazil and the United States. Bomfim, a Brazilian attorney, was appointed as Judicial Administrator of UTI, on behalf of the Government of Brazil, as UTI's representative and custodian of the ownership interests of one Joao Arcanjo Ribeiro ("Arcanjo") and his wife Sylvia. Arcanjo and his wife lost their joint investment (held by them 90%-10%) by forfeiture as a result of Arcanjo's criminal prosecution and conviction in Brazil, for, among other things, murder.

3. The parties have litigated in the circuit courts of Florida over the validity of ownership by the Brazilian government [2015-CA-008342-O], access to corporate records, [2006-CA-7402], to dissolve UTC as a corporate entity [2006-CA-7402], Bomfim's appointment as Judicial Administrator [2015-CA-008342-O], and the validity of UTC's loans.

4. The first case (no. 2006-CA-7496) was Constrazza's first effort to dissolve UTC and gain access to corporate records, prior to Bomfim taking control as sole director in 2009.

5. Most recently, the parties litigated the entitlement, if any, and value, if any, of Constrazza's equity position in UTC. (*Constrazza International Construction Inc. v. Universal*

*Tower Construction, Inc. et al.*, Case No. 2015-CA-08342, Ninth Judicial Circuit, Orange County, State of Florida)(Carston J./Kest, J.) (the "Litigation").

6. In the initial Complaint in the Litigation, Constrazza demanded the dissolution of UTC and an accounting. Dkt. 3, Complaint. Exhibit A.

7. Subsequently, Constrazza moved to file an Amended Complaint, Dkt. 102, (Exhibit B) which was granted. Dkt. 106. Constrazza sought various relief against Bomfim and UTC related to the alleged mismanagement of UTC by Bomfim.

8. UTC vigorously defended itself against Constrazza's claims, including that judicial determinations in earlier litigation in Brazil implicated res judicata.

9. After a bench trial in the summer of 2019, Judge Carsten entered Final Judgment on Friday, March 13, 2020. Dkt. 276, Final Judgment. Exhibit D.  Judge Carsten held:

   a. There was insufficient evidence to set aside UTC's election to pursue the buyout of Constrazza. The primary issue in the case, therefore, was the determination of the number and the value of Constrazza's shares in UTC. Dkt. 276 at 11-12.

   b. Valuation of all UTC shares (equity) was $27,443,224 as of the date of valuation.

   c. Constrazza's percentage of ownership determined to be 35%.

   d. Valuation of Constrazza's shares was $9,605,128.40 as of the date of valuation.

   e. UTC was directed to pay Constrazza the value of its shares, and upon such payment, Constrazza's shares would revert to treasury shares of UTC.

10.     Subsequent to the Court's March 13, 2020, order/final judgment, Judge Kest awarded Constrazza pre-judgment interest of $2,067,515.41 and entered supplemented final judgment in favor of Constrazza of $11,672,643.81. The Court reserved jurisdiction to make an award of attorneys' fees. Dkt. 348, Supplemental Final Judgment. Exhibit E.

### Defendants' Defamatory Statements

11.     Seeking to exploit the favorable results of the Litigation, on April 14, 2020, Zanchet, on behalf of Constrazza, and by and through Brazilian legal counsel Nilson Pedro da Silva, filed an affidavit in the Office of the Internal Affairs of The Federal Regional Court of the First Region. The full certified transcription of the Affidavit is attached to the State Court Action Complaint as Exhibit F.

12.     Zanchet, speaking for himself and as representative for Constrazza, explicitly made purported statements of fact to the Brazilian court concerning the Litigation, which defamed Bomfim, Sommerville, and UTC.

13.     The Complaint identifies sixty eight (68) statements from the Zanchet/Constrazza affidavit, which among other things, accuse Bomfim and Sommerville of embezzlement, fraud, money laundering, theft of millions of dollars, false charitable donations, and cover ups, including being in a conspiracy with the Brazilian court itself, who is responsible for the administration of the Arcanjo assets, all in relation to UTC and the Crowne Plaza Hotel.

### Grounds for Removal

14.     Plaintiffs remove this action from state court to the bankruptcy court pursuant to 28 U.S.C. 1452(a), as UTC, as Chapter 11 Debtor, is one of the Plaintiffs in the underlying action.

15. All of the parties are already before the bankruptcy court, and this matter is of core significance to the interplay between (Debtor) UTC and (Creditor) Constrazza and its owner, Zanchet.

16. The core question of law is the influence exerted by Constrazza to depress the value of UTC's primary asset, the Crowne Plaza Hotel, by casting aspersions on UTC management, overstating the results of the trial court in the Litigation, and attempting to force a sale to compel payment by Debtor UTC to Creditor Constrazza. Constrazza has continued making the same types of defamatory statements regarding UTC, Bomfim, and Sommerville post-petition, including in its Motion to Dismiss (Doc. No. 78). Constrazza's behavior must be stopped and damages assessed.

**<u>The Procedural Requirements for Removal Have Been Satisfied</u>**

17. The State Court Action may be removed pursuant to 28 U.S.C. § 1452(a).

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) because the Plaintiffs' claims against Defendants arise in or are related to the Debtor's bankruptcy case.

19. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(C) and/or (O).

20. The Plaintiffs each consent to entry of final orders and judgment by the bankruptcy court, subject to Plaintiffs' right to have its claims, and any other relief consistent with Plaintiffs' claims, to tried by jury.

21. Plaintiff UNIVERSAL TOWERS CONSTRUCTION, INC. is a Florida Corporation doing business as the Crowne Plaza Hotel Orlando, and is situated in Orange County Florida.

22.     Plaintiff FRANCISCO F. BOMFIM is an individual domiciled in the country of Brazil. BOMFIM, at the time of the filing of the State Court Action, was the authorized Judicial Administrator and sole representative of Universal Towers Investimentos, LTDA ("UTI"), a Brazilian limited partnership. As described more fully herein, UTI was as of the time of the filing of the instant Complaint, the 65% shareholder of UTC. Bomfim was also the sole Director of UTC.

23.     Plaintiff LIS R. OLIVEIRA-SOMMERVILLE is an individual and resident of Osceola County, State of Florida. Following the removal of Bomfim as judicial administrator and officer of UTC, Sommerville was appointed to serve as president of UTC, which position she continues to maintain.

24.     Defendant CONSTRAZZA INTERNATIONAL CONSTRUCTION, INC., is a Florida corporation situated in Broward County, Florida, but doing business and holding itself out at being headquartered at "East Washington Street, Suite 600-G, Orlando, Florida." As described more fully herein, as of the time of the filing of the instant Complaint, Constrazza is the 35% shareholder of UTC.  Constrazza has filed three proofs of claims in this bankruptcy case, including a claim based on the final judgment issued in the Litigation, and a claim for its alleged attorneys' fees incurred in the Litigation.

25.     Defendant ZILBERTO ZANCHET is an individual domiciled in the country of Brazil. Zanchet is and was an officer, director and shareholder of Constrazza at all times relevant hereto.

26.     On information and belief, Defendant Zanchet resides in Osceola County, Florida, with his brother, Cesar Valenin Zanchet. Defendant Zanchet, among other acts in Florida, stays

at the Crowne Plaza Hotel, and provides a Davenport, Florida, address that is identical to the residential property address of Cesar Zanchet.

27. Notwithstanding the foregoing, with respect to Defendants Constrazza and Zanchet, Defendant Constrazza has submitted itself to the jurisdiction of the bankruptcy court as a purported creditor of UTC.

28. The case has been removed to the proper court, as the underlying case was filed in Osceola County Circuit Court, and the instant bankruptcy is in the Middle District of Florida, Orlando Division.

29. The removal is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(2).

30. After filing this Notice of Removal, Plaintiffs will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Circuit Court for Osceola County in accordance with 28 U.S.C. § 1446(d).

31. True and correct copies of all process, pleadings, and orders served on the defendants in the action pending in the Ninth Circuit Case No. 2020 CA 001538 OC will be subsequently filed.

**WHEREFORE**, Plaintiffs remove the above-referenced State Court Action from the Ninth Circuit Court for Osceola County, State of Florida, to the United States Bankruptcy Court for the Middle District of Florida.

Respectfully submitted this 1st day of October, 2020.

          */s/ Christopher R. Thompson*
          **Eric S. Golden**
          Florida Bar No. 146846
          Email: egolden@burr.com
          **Christopher R. Thompson**
          Florida Bar No. 0093102
          Email: crthompson@burr.com
          **BURR & FORMAN, LLP**
          200 S. Orange Ave., Suite 800
          Orlando, Florida 32801
          Phone: (407) 540-6600
          *Counsel for Debtor*

          and

          Bradford A. Patrick
          Florida Bar No. 529850
          Email: bradpatrick@baplegal.com
          Law Offices of Bradford A. Patrick PA
          10312 Bloomingdale Avenue
          Suite 108 MS 336
          Riverview, FL 33578
          Phone: (813) 384-8548
          Facsimile: (813) 333-7321
          *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on October 1, 2020, a true and correct copy of the foregoing Notice of Removal was served on Defendants, Constrazza International Construction, Inc., and Zilberto Zanchet, c/o Keith Grumer, Esq., Katz Barron, 100 N.E. Third Ave., #280, Fort Lauderdale, FL 33301, by U.S. Mail, postage prepaid, and by email to ktg@katzbarron.com and sml@katzbarron.com.

          */s/ Christopher R. Thompson*
          Christopher R. Thompson